IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LEONID MIKITYANSKIY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 11-3006 |
| | ) | |
| THERMIONICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also pending is the Defendant's motion to stay discovery pending a ruling on its motion to dismiss.

I.

This is a qui tam action. In his Complaint,[1] Plaintiff Leonid Mikityanskiy's asserts claims for false patent marking under 35 U.S.C. §

---

[1] The Complaint was filed in the United States District Court for the Southern District of New York. It was subsequently transferred to this Court.

292. The Plaintiff alleges that Defendant Thermionics Corp. has violated § 292(a) by making certain products with expired patent numbers with the intent of deceiving the public about the patent coverage for these falsely marked products. The Plaintiff seeks an award of monetary charges against the Defendant, one-half of which would be paid to the United States, pursuant to 35 U.S.C. § 292(b).[2]

The Plaintiff's Complaint alleges that, upon information and belief, the Defendant manufactures, distributes, sells and/or offers for sale therapeutic hot and cold pain relief pads. These pads include Thermionics clay-based Theramics® technology. The Theramics® technology has been the subject of a number of U.S. patents. Some of the patents covering the Theramics® technology are expired.

According to the Complaint, these expired patents include, but are not limited to, U.S. Patent No. 4,743, 726, issued May 10, 1988 ("the '726 Patent"), and U.S. Patent No. 4,849,593, issued July 18, 1989 ("the '593 Patent"). Both patents expired no later than October 14, 2006.

---

[2]"Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to use of the United States." 35 U.S.C. § 292(b).

II.

"The two elements of a § 292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public." Forest Group, Inc. v. Bon Tool Co., 590 F.3d 1295, 1300 (Fed. Cir. 2009). When the Defendant's motion was filed, the United States Court of Appeals for the Federal Circuit had not yet ruled as to whether false marking claims were subject to the pleading requirements of Rule 8(a) or Rule 9(b) of the Federal Rules of Civil Procedure. That court has now determined that false marketing claims are subject to the particularity pleading requirement of Rule 9(b). See In re BP Lubricants USA, Inc., _ F.3d _, 2011 WL 873147 (Fed. Cir. Mar. 15, 2011). The parties were granted leave to supplement their briefs following that decision. Rule 9(b) of the Federal Rules of Civil Procedure provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Based on the Federal Circuit's recent decision, a complaint alleging false marking must do more than simply assert in a conclusory fashion that

a defendant is a "sophisticated company" and "knew or should have known" that a patent expired. See id. at *1. The court observed that Rule 9(b) acts as a "safety valve" so that only viable § 292 claims would reach discovery and serves to prevent discovery from becoming a "fishing expedition." See id. at 2.

The court stated that although a plaintiff is entitled under the rule to plead "upon information and belief," the pleadings must contain "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." See id. at 3 (quoting Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 (Fed. Cir. 2009)). "[A] complaint must in the § 292 context provide some objective indication to reasonably infer that the defendant was aware that the patent expired." Id.

"[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent." Pequignot v. Solo Cup Co., 608 F.3d 1356, 1362-63 (Fed. Cir. 2010). "[T]he fact of misrepresentation coupled with proof that the party making it had

4

knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent." Id. at 1363 (internal quotation marks, citation and alteration deleted).

As for the rebuttable presumption of intent to deceive recognized in Pequignot, the court in BP Lubricants stated:

> This court agrees that the Pequignot presumption informs the determination of whether a false marking plaintiff has met Rule 9(b). However, as we noted in Pequignot, "[t]he bar for proving deceptive intent [in false marking cases] is particularly high, requiring the relator to show "a purpose of deceit, rather than simply knowledge that a statement is false." That the relator pled the facts necessary to activate the Pequignot presumption is simply a factor in determining whether Rule 9(b) is satisfied; it does not, standing alone, satisfy Rule 9(b)'s particularity requirement.

In re BP Lubricants, at *4 (internal citations omitted).

When the Defendant filed its motion to dismiss, it believed that it had no knowledge of its patents expiring prior to June of 2010. In its supplemental memorandum, the Defendant states it has since discovered that on November 23, 1999, it was notified by its patent counsel that the '726 Patent would be valid until October 14, 2006. The Defendant also recently discovered that on January 22, 2001, it was notified by its patent

5

counsel that the '593 Patent would be valid until March 24, 2007.

In Paragraph 33 of his Complaint, the Plaintiff alleges that, "[u]pon information and belief," the Defendant's "intent of deceiving the public arises from the objective to promote the design and utilitarian qualities" of its products. Paragraph 33 and 34 quotes language that appears on the packaging of the Thermipaq products that tout its benefits over those of its competitors. Paragraph 35 quotes similar statements about the products on the Defendant's website. It states in part:

> What makes ThermiPaq superior is our patented, thermal ceramic compound made from all-natural, clay-based materials. This revolutionary compound capitalizes on the efficiency of radiant energy to create a deep penetrating, therapeutic system that works equally well in both hot and cold applications.

The Defendant contends that the passages in paragraphs 33-35 do not establish the necessary intent to deceive under Rule 9(b). It is not claiming that its product is better because it is "patented." Rather, the Defendant claims it is emphasizing the benefits of the product's intrinsic qualities–for example, that it is made from clay-based materials.

The Defendant alleged that many of the Plaintiff's remaining

allegations are either speculative or irrelevant. However, some of the allegations are speculative out of necessity because they concern the Defendant's state of mind. Nevertheless, the Defendant asserts that the Complaint lacks the specific allegations necessary to establish the requisite "intent to deceive." Accordingly, the Defendant claims that Plaintiff has not met the heightened pleading requirements of false marking cases articulated by the Federal Circuit in <u>BP Lubricants</u>.

The Plaintiff asserts that, even under the heightened pleading standard, the Complaint adequately pleads the elements of the false patent marking claim and sets out sufficient facts to infer the Defendant's intent to deceive the public. Moreover, the Plaintiff suggests that the motion to dismiss is now moot, based on the Defendant's admission that its patent counsel notified it on November 23, 1999, and January 22, 2001, about the expiration dates of the two patents at issue.

The Court concludes that the Complaint includes sufficient facts to withstand the Defendant's motion to dismiss. The Defendant's admission that it was informed of the expiration dates of both patents well before it

7

initially believed is significant.  The use of the word "patented" on the packaging of the Defendant's product and on its website is also important. Although it is possible that the Defendant is simply emphasizing the product's intrinsic qualities, the Court concludes that other inferences can be drawn.  Given the fact that certain information is solely within the control of the manufacturer of a product, the Court concludes that the Plaintiff has alleged sufficient facts to state a claim.

<u>Ergo</u>, the Defendant's motion to dismiss [d/e 7] is DENIED.  The Defendant's motion to stay discovery is also [d/e 34] DENIED.

ENTER: May 5, 2011

                FOR THE COURT:

                              s/Richard Mills
                              United States District Judge